# In the United States Court of Federal Claims

No. 11-139T
Filed: February 13, 2012

|  |  |
|---|---|
| GIOVANNA CUSENZA ROSSMAN, Executor of the Estate of VIOLET M. CUSENZA, Deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

---

## ORDER

### GRANTING MOTION TO DISMISS

---

Plaintiff is the executor of her mother's estate. In that capacity, plaintiff now seeks a refund of penalties assessed against the estate for the late payment of estate tax, claiming that pursuant to 26 U.S.C. § 6651(a)(2), the estate's failure to pay the tax in a timely manner should be excused because it was "due to reasonable cause and not due to willful neglect."

Defendant has moved to dismiss the complaint pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, defendant's motion is granted.

I.

Violet M. Cusenza died on August 15, 2005, leaving her daughter, Giovanna Cusenza Rossman, as the executor of her estate. By law, federal estate taxes are due nine months after a decedent's death, making the estate taxes for Mrs. Cusenza's

estate due on May 15, 2006.  26 U.S.C. § 6075(a).  On April 12, 2006, the estate sought and received an extension, until November 15, 2006, to pay the estate tax.  The application for extension was filed by Margaret Treanor, a California certified public accountant retained by Ms. Rossman to advise her on tax matters regarding the estate.

On November 14, 2006, Ms. Treanor filed the estate's tax return, reporting a taxable value for the estate of $2,304,392, with interest owed in the amount of $32,279 and tax owed in the amount of $810,276, for a total balance due of $842,555.  The return also indicated that the estate did not elect to pay the taxes in installments.  Along with the return, Ms. Treanor filed a second application for extension, until February 15, 2007, to pay the estate tax.  The request indicated that the "executor needs more time to secure loans on real estate and/or liquify assets" because "the estate consists mainly of illiquid investments and real estate."  The application was granted.

A third application for extension—submitted one day before the expiration of the February 15, 2007, deadline—was filed and signed by Ms. Rossman herself.  The request did not indicate the period for which the extension was being sought nor did it include the required explanation for why the timely payment of tax was "impossible or impractical."  The Internal Revenue Service ("IRS") nevertheless granted a six-month extension, until August 15, 2007, to pay the estate tax.

On February 21, 2007, the estate made a payment of $100,000 toward its outstanding tax liability.  As of the August 15, 2007, deadline, however, the estate had not fully satisfied its tax obligation nor had it sought an additional extension of time.  The IRS accordingly began to assess penalties pursuant to 26 U.S.C. § 6651(a)(2) for failure to pay the outstanding estate taxes.

Over the next two years, the estate made several payments toward the debt, ultimately satisfying the taxes, penalties, and interest associated with the estate's liabilities on July 7, 2009.  The amount the estate paid in penalties totaled $51,027.60.

II.

The Internal Revenue Code imposes a penalty for failing to pay taxes in a timely manner.  26 U.S.C. § 6651(a)(2).  This penalty is not imposed, however, if the failure to make a timely payment was "due to reasonable cause and not due to willful neglect."  Id.

Plaintiff argues that the estate's failure to meet the payment deadline was "due to reasonable cause" as set forth in Section 6651(a)(2) and that the penalties therefore should not have been imposed. Specifically, plaintiff maintains that reasonable cause existed because: (1) the death of both of her parents in close proximity in time made it emotionally difficult for her to handle the tax consequences of settling the estate, including obtaining financing and liquidating assets; (2) the "unprecedented credit crisis" impeded the estate's ability to pay the estate tax; and (3) her accountant failed to give proper advice about the option of satisfying the estate tax liability through monthly payments.

In defendant's view, the explanations plaintiff offers for the estate's late payment—the emotional distress of her situation, the poor market conditions, and misinformation by her accountant—do not, as a matter of law, constitute "reasonable cause." Defendant maintains that reasonable cause requires the exercise of "ordinary business care and prudence" in meeting payment deadlines, as indicated in Treasury Regulations § 301.6651-1(c)(1). Defendant argues that plaintiff, by failing to seek further extensions of time in which to pay the estate taxes, did not exercise ordinary business care and prudence and therefore cannot rely on the "reasonable cause" provision of 26 U.S.C. § 6651(a)(2) to avoid tax penalties.

III.

Plaintiff's argument cannot prevail. The fact that the estate sought and received time extensions on three separate occasions (extending the payment deadline by a total of fifteen months and keeping the estate's account "current" through August 15, 2007) indicates that neither the emotional distress of her situation nor the unfavorable market conditions initially prevented plaintiff from complying with the tax code's timing requirements. With plaintiff's already having demonstrated through her past actions the ability to meet the required standard of "ordinary business care and prudence" set forth in Treasury Regulations § 301.6651-1(c)(1), we are unable to conclude that those same, already known circumstances (whether personal or economic) can later excuse the estate's failure to meet the extended payment deadline.[1]

---

[1] As the Supreme Court observed in United States v. Boyle, 469 U.S. 241 (1985), the IRS has articulated various reasons for a late filing that the agency considers to constitute "reasonable cause," all of which, in the Boyle Court's view, reflect the principle that "a taxpayer should not be penalized for circumstances beyond his control." Id. at 249 n.6; see also id. at 247 n.4 ("Congress obviously intended to make absence of fault a prerequisite to avoidance of the late-filing penalty."). In particular, the Boyle Court noted, the IRS has defined "reasonable
(continued...)

Nor is it an answer to say that the responsibility either for seeking the initial time extensions in the first instance or for failing to obtain additional time extensions in the second belonged to plaintiff's accountant. That argument, we believe, is foreclosed by the Supreme Court's decision in United States v. Boyle, 469 U.S. 241 (1985), the case on which defendant primarily relies.

In Boyle, an executor retained an attorney to prepare and file an estate tax return. Although the executor periodically contacted the attorney to monitor the attorney's progress and was assured that he would be notified when the return was due, the return was ultimately filed three months late as a result of the attorney's error. Id. at 242–43. The IRS assessed penalties against the estate. Id. at 243. The executor paid the penalties and then sued for a refund, contending that the penalty was unjustified because the estate's failure to file the return on time was "due to reasonable cause," i.e., reliance on the attorney. Id. at 244.

---

[1](...continued)
cause" as including:

> unavoidable postal delays, the taxpayer's timely filing of a return with the wrong IRS office, the taxpayer's reliance on the erroneous advice of an IRS officer or employee, the death or serious illness of the taxpayer or a member of his immediate family, the taxpayer's unavoidable absence, destruction by casualty of the taxpayer's records or place of business, failure of the IRS to furnish the taxpayer with the necessary forms in a timely fashion, and the inability of an IRS representative to meet with the taxpayer when the taxpayer makes a timely visit to an IRS office in an attempt to secure information or aid in the preparation of a return.

Id. at 243 n.1 (citing Internal Revenue Manual (CCH) § 4350, (24) ¶ 22.2(2) (Mar. 20, 1980) (Audit Technique Manual for Estate Tax Examiners)). Although the death of an immediate family member is identified as a possible "reasonable cause" that might justify the failure to meet a deadline, we do not believe, as discussed above, that the deaths of plaintiff's parents caused the estate to miss the August 15, 2007, deadline given that earlier deadlines had in fact been met. As both the majority and the concurrence observed in Boyle, "[b]ecause the respondent here was fully capable of meeting the required standard of ordinary business care and prudence, we need not decide the issue of whether and under what circumstances a taxpayer who presents evidence that he was *unable* to adhere to the required standard might be entitled to relief from the penalty." Id. at 249 n.6, 255.

The Supreme Court rejected the executor's argument, holding that although it is reasonable for an executor to rely upon an attorney in the filing of an estate return, "[i]t requires no special training or effort on the taxpayer's part to ascertain a deadline and ensure that it is met." Id. at 252. The Court further noted that Congress has "charged the executor with an unambiguous, precisely defined duty to file the return within nine months" and has "placed the burden of prompt filing on the executor, not on some agent or employee of the executor." Id. at 249–50. The Court accordingly held that "[t]he failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)." Id. at 252.

Given this holding, plaintiff cannot make the case that any alleged action by her accountant—whether failing to inform plaintiff about the facts and circumstances involved with filing an extension or failing to file an agreed upon extension—excuses plaintiff's obligation under Boyle to inform herself about filing and payment deadlines and to ensure that they are met.[2]

IV.

The court is sympathetic to the enormous task that faced Ms. Rossman in what were for her undoubtedly very dark days. Moreover, we recognize that the emotional distress Ms. Rossman experienced and the financial difficulties she encountered made the discharge of her responsibilities as executor of her mother's estate significantly more difficult. These conditions, however, cannot exempt her from the tax code's filing and payment deadlines. We are therefore left with no choice but to grant defendant's motion to dismiss. Accordingly, the Clerk is directed to enter judgment dismissing plaintiff's complaint.

s/John P. Wiese  
John P. Wiese  
Judge

---

[2] In both her complaint and response brief, plaintiff made passing reference to her accountant's alleged failure to advise her of the opportunity to pay the estate tax in installments—an allegation that, if substantiated, could arguably be construed as "reasonable cause" under Boyle based on "erroneous advice of counsel concerning a question of law." Id. at 250. Discovery by plaintiff's counsel, however, failed to develop any support for this allegation and the matter was not addressed further.